SLUSHER *v.* FROME.

EQUITY—PLEADING—HOUSE CONSTRUCTION CONTRACT—ADEQUACY OF
REMEDY AT LAW.
   Bill to recover sums paid under house construction contract with
   defendants and for profits latter had realized from subsequent
   sale *held*, to have been properly dismissed without prejudice
   to reasserting their claim on the law side of the court, where
   bill alleges no facts showing fraud or plaintiffs' reliance
   thereon to their detriment and plaintiffs have an adequate
   remedy at law, with the aid of discovery, not only to determine
   their rights to recover from defendants, but also the question
   of whether plaintiffs are in any amount obligated to defendants
   for breach on plaintiffs' part.

Appeal from Oakland; Holland (H. Russel), J.
Submitted June 9, 1961. (Docket No. 40, Calendar
No. 49,176.) Decided September 22, 1961.

Bill by Charles T. Slusher and Katherine B. Slusher against Edward W. Frome and K. W. Mills, Inc., a Michigan corporation, for return of sums paid on purchase of house to be constructed and for other relief. Bill dismissed on motion without prejudice to future law action. Plaintiffs appeal. Affirmed.

*August F. Brandt,* for plaintiffs.

*Maurice A. Merritt,* for defendants.

DETHMERS, C. J. Plaintiffs appeal from an order dismissing their bill of complaint without prejudice

REFERENCES FOR POINTS IN HEADNOTES
19 Am Jur, Equity § 100 *et seq.*

to reasserting their claim on the law side of the court. The reason for dismissal urged by defendants and stated by the court is that plaintiffs have a full, adequate, and complete remedy at law. We think the court was correct.

The bill of complaint alleges that: the parties entered into an agreement for defendant corporation's construction of a home for plaintiffs on a lot owned by the corporation and payment for same by plaintiffs; that defendant Frome, a licensed realtor, made the sale for defendant corporation to plaintiffs without disclosing that he was an officer of the corporation; that he also arranged for financing the project with a financing company which was to make a loan to plaintiffs secured by mortgage on the property; that plaintiffs paid down $2,000, of which defendant corporation paid $1,800 as realtor's commission to defendant Frome; that the agreement between parties provided for the progress payments on the construction job and the advances on the loan from the financing company to coincide; that when the roof was completed defendant corporation rendered plaintiffs a statement for $2,900 due up to that time; that this the plaintiffs forwarded to the financing company. Plaintiffs' bill of complaint alleges that about 1 month thereafter the financing company paid defendant corporation $5,900 on the job. Plaintiffs allege, for reasons made not at all clear in the bill of complaint, that defendant corporation thereafter refused to go on with the contract and notified plaintiffs that it had terminated the agreement and elected to retain the $2,000 down payment as liquidated damages and that it had threatened to sue plaintiffs for losses sustained by it as a result of alleged breach of the contract by plaintiffs. Plaintiffs' bill prays for return of the $2,000 down payment and small incidental expenses incurred in connection with the property and the financing arrangement, and that

they be absolved from all further liability to defendants on the agreement, for other unspecified damages and for an accounting of profits realized by defendants on the subsequent sale of the property to others.

Inasmuch as plaintiffs allege breach of contract by defendant corporation and that it, in turn, claims breach by them, there is no occasion for an accounting in equity by the defendants of the profit from the subsequent sale. The prayer for relief in effect seeks only a money decree. Plaintiffs invoke the concurrent equity jurisdiction in cases of fraud, but their bill alleges no facts showing fraud or their reliance thereon to their detriment. For breach of contract, if it occurred, plaintiffs have an adequate remedy at law by which may be determined, with the aid of discovery if necessary, not only plaintiffs' rights to recover therefor from defendants, but also the question of whether plaintiffs are in any amount obligated to defendants for breach on plaintiffs' part.

Affirmed. Costs to defendants.

CARR, KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.